<hr />

[No. 6760. Decided September 7, 1907.]

JOSEPH SMITH, a Minor, by His Guardian Ad Litem Viola Smith, Respondent, v. CAPITOL BOX COMPANY, Appellant.[1]

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 10, 1906, on the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for personal injuries sustained by an employee in operating a saw. Affirmed.

R. S. Eskridge (Philip Tindall, of counsel), for appellant.
Govnor Teats, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries. The facts are in essential particulars the same as those involved in Cox v. Capitol Box Co., ante p. 148, 91 Pac. 555. The accident occurred in the same mill and the plaintiff here was engaged in doing the same kind of work as was the plaintiff in the case cited. For a description of the plaintiff's situation as an operator of the ripsaw cutting ventilating slits in the bundles of veneer

[1]Reported in 91 Pac. 557.

for use in grape boxes, we refer to the statement of the facts in the opinion in the cause mentioned. In the case at bar, the plaintiff, who was operating the ventilating saw, was at the time about sixteen years of age, and his offbearer, a boy of the name of Haviland, was somewhat older, but at the time of the accident he was not yet seventeen years of age. Haviland quickly jerked the bundle of veneer away just as it was about to clear the saw, and the plaintiff's hand dropped from the bundle against which it was pressing and fell upon the saw, whereby it was severely cut and injured. The plaintiff had, during his employment, been most of the time engaged in other work, and up to the time he was hurt he had operated the ventilating saw perhaps as much as one whole day. He and Haviland had been working together at the saw but a short time when the accident happened. There was evidence that Haviland was of a negligent nature; that he was indolent, and that he worked in a lubberly, careless way; that he was generally reputed among the employees of the mill as being incompetent and lazy, and as taking no interest in his work. He had worked in the mill about a month and the foreman daily passed and observed, or could have observed, his manner and method of working. The cause was submitted to a jury under issues and instructions similar to those in the case above cited, with the result that a verdict was returned for plaintiff in the sum of $1,000. Judgment having been entered for said sum, the plaintiff has appealed.

We see no reason for distinguishing this case from that of *Cox v. Capitol Box Co.*, *supra*, unless it be in the way of finding additional elements of negligence, which possibly make this a stronger case against appellant. There is no necessity for reviewing these in detail, further than as they are suggested above. The parallel facts of the two cases we think are sufficient of themselves to lead to the same result, and for the reasons stated in the other opinion the judgment in this case is affirmed.

CROW, MOUNT, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.